# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY L. SMITH, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 923784, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-328-TWT-JSA |
| | : | |
| EZELL BROWN; SAMMY | : | |
| BANKS; SELENA WILLIAMS; | : | |
| BRYCE SMITH; NAPHCARE; | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Ricky L. Smith's civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has been granted *in forma pauperis* status, and the matter is before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915A.

I.    <u>28 U.S.C. § 1915A Frivolity Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either

in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed. *Id.* at 737-38.

II. Discussion

A. Plaintiff's Claims

Plaintiff has sued Newton County Sheriff Ezelle Brown, Captain Sammy Banks, Lieutenant Selena Williams, and Sergeant Bryce Smith of the Newton County Jail, as well as NaphCare, the contracted medical provider at the Newton County Jail. Plaintiff complains that while he was housed at the Newton County Jail as a pre-trial detainee: (1) he was housed in a maximum security punitive

2

segregation unit; (2) the Newton County Jail's policy is to classify and house only male pre-trial detainees in that unit based on the nature of their charges; (3) also pursuant to Newton County Jail's policy, while Plaintiff was housed in the maximum security unit, he was locked in his cell eighteen to twenty hours a day, and was restrained with belly chains and shackles any time he was moved out of his cell; (4) he was required to wear shower shoes, the smooth soles of which Defendants were aware became hazardous after the floors were mopped and in the shower areas; (5) in June, 2010, Plaintiff slipped and fell, injuring his left knee, and was treated with pain medication for ten days; (6) on January 4, 2011, Plaintiff slipped and fell, injuring his right knee, and was treated with pain medication (Motrin) only; (7) on February 16, 2011, Plaintiff slipped and fell, injuring his right knee again, and was treated with pain medication (Motrin); (8) on November 18, 2011, Plaintiff slipped and fell, injuring his right knee a third time, and was treated again with pain medication (Motrin); (9) Plaintiff has suffered pain, discomfort, stiffness, and lack of sleep due to his right knee injury; (10) Plaintiff was improperly diagnosed and treated for at least a year for a skin infection (Staph), from which he suffered pain and discomfort from open bleeding sores

3

about his head and body that spread and caused permanent scarring; and (11) after his last slip and fall, the jail refused his request for tennis shoes.

> B. Analysis of Plaintiff's Claims
>
> > 1. Deliberate Indifference Claims
> >
> > > a. Deliberate Indifference to Health and Safety

Plaintiff's slip-and-fall claim fails to state an actionable claim under § 1983. In order to state an Eighth Amendment prisoner conditions suit relating to the slip and fall, Plaintiff must show that (1) forcing him to wear shower shoes with smooth soles near the shower and when the floors were recently mopped was "objectively, sufficiently serious" and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety."[1] *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In order to establish deliberate indifference, Plaintiff must show that a defendant "had '(1) subjective knowledge of a risk of

---

[1] As Plaintiff was a pre-trial detainee while he was at the Newton County Jail, his deliberate indifference claims should be evaluated under the Fourteenth Amendment Due Process Clause. *See Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1318 (11th Cir. 2005). However, "[t]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Id.* (quotation marks and citations omitted).

4

serious harm; [and] (2) disregard[ed] . . . that risk; (3) by conduct that is more than mere negligence.'" *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). *See also Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that the subjective component of the deliberate indifference test requires more than even gross negligence).

Even if, as Plaintiff alleges, Defendants were aware that the shower shoes were slippery combined with wet and/or mopped floors, Plaintiff has not demonstrated that his claim constitutes anything more than negligence – which is not actionable under § 1983. *See Martin v. City of N.Y.*, No. 11 Civ. 600 (PKC) (RLE), 2012 WL 1392648, at *9 (S.D. N.Y. Apr. 20, 2012) (dismissing prisoner's deliberate indifference claim that the inadequate soles on his prison-issued shoes caused him to slip and fall on the wet floor because "bodily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation"); *Wynn v. Ankoh*, No. 1:04 CV 37(WLS), 2006 WL 2583370, at *1-2 (M.D. Ga. Sept. 6, 2006) (holding prisoner's allegations that the prison choice of floor cleaner and lack of adequate shoes caused his fall are nothing more than negligence which is not cognizable under § 1983). *See also Noble v. Grimes*, 350

5

F. App'x 892, 893 (5th Cir. 2009) (dismissing plaintiff's deliberate indifference claims against officers where plaintiff alleged that he slipped and fell in standing water in the shower and contended that officers knew of dangerous conditions and failed to take preventative measures, because at the most his allegations constituted negligence which is not actionable under § 1983); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (concluding that although prisoner complained for two months about the accumulated water in the shower and eventually slipped and sustained injuries, "while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large" and is not a sufficiently serious risk of constitutional dimension); *Bell v. Ward*, 88 F. App'x 125, 126-27 (7th Cir. 2004) (dismissing as negligence § 1983 claim complaining about officers' failure to clean up known water in cell block which caused plaintiff to slip and fall); *LeMaire v. Maass*, 12 F. 3d 1444, 1457 (9th Cir. 1993) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."); *Denz v. Clearfield Cty.*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment claim based on slippery floor in prison cell, despite officials' alleged knowledge of hazard). Thus, Plaintiff's slip-and-fall claim should be dismissed.

6

### b. Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits indifference to a serious medical need so deliberate that it "constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate deliberate indifference, a plaintiff must show both "an objectively serious medical need" and the defendant's subjective knowledge of, and more than negligent disregard of, that need. *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003). *See also Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (noting that "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).

Mere claims of negligence or inattention by a medical practitioner, however, do not rise to the level of an Eighth Amendment violation which is actionable under § 1983. *Estelle*, 429 U.S. at 106 (medical malpractice does not become a constitutional violation merely because the victim is a prisoner); *Mandel v. Doe*, 888 F.2d 783, 787-88 (11th Cir. 1989). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the

7

Cruel and Unusual Punishments Clause[.] . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In addition, a mere simple difference in medical opinion between the prison's medical staff and the inmate as to diagnosis or course of treatment also does not support a claim of cruel and unusual punishment. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *see also Herndon v. Whitworth*, 924 F. Supp. 1171, 1174 (N.D. Ga. 1995) ("Mere negligence or even malpractice, however, is not sufficient to constitute an Eighth Amendment violation. . . . A mere difference in medical opinion also will not suffice.") (Ward, J.) (citation omitted).

While the Court has no doubt that Plaintiff's skin condition constitutes a serious medical need, it is not as clear that his knee injury similarly constitutes such a serious medical need. Regardless, in connection with both conditions, Plaintiff has failed to allege sufficient facts to proceed beyond the initial screening stage. Indeed, Plaintiff alleges that he was improperly diagnosed and treated for his Staph infection, and that he was improperly treated for his knee injuries. Mere allegations of improper diagnosis and/or treatment, however, at most support a medical malpractice claim. *See Barnes v. Martin Cty. Sheriff's Dep't*, 326 F. App'x 533, 535 (11th Cir. 2009) ("A 'complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim

8

of medical mistreatment under the Eighth Amendment.'") (*quoting Estelle*, 429 U.S. at 106);[2] *Simpson v. Holder*, 200 F. App'x 836, 839 (11th Cir. 2006) ("The facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment."); *Cain v. Baden*, No. 1:10-CV-109 WLS, 2012 WL 629156, at *5 (M.D. Ga. Jan. 12) (recommending dismissal as frivolous plaintiff's claim that doctors identified his serious medical problem as "light" instead of serious and by giving him antibiotics to treat a bone infection rather than surgery, because those allegations essentially constitute negligence or medical malpractice rather than deliberate indifference), *report and recommendation adopted by*, No. 1:10-CV-109 WLS, 2012 WL 629144 (M.D. Ga. Feb. 24, 2012). Moreover, "where an inmate receives medical care, but desires a different mode of treatment, the care provided does not amount to deliberate indifference." *Murphy v. Turpin*, 159 F. App'x 945, 949 n.4 (11th Cir. 2005). Although Plaintiff may not have been properly diagnosed with a Staph infection, he received treatment for both the skin infection and the knee injuries. As such,

---

[2] *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are "classic examples" of matters for medical judgment and that medical malpractice does *not* become a constitutional violation merely because the patient is a prisoner. *Estelle*, 429 U.S. at 107.

9

his allegations amount to medical malpractice, negligence, or disagreement with the course of treatment – none of which are cognizable under § 1983.

### 2. Conditions of Confinement in Maximum Security

In evaluating the constitutionality of the conditions in the maximum security block while Plaintiff was a pre-trial detainee, this Court must inquire whether the conditions in maximum security – *i.e.*, being shackled and belly chained while moving about the jail, and locked in the cell for eighteen to twenty hours per day – amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 534 (1979); *Wilson v. Blankenship*, 163 F.3d 1284, 1291-92 (11th Cir. 1998). These restrictions do not amount to punishment if they are reasonably related to a legitimate government objective. *Bell*, 441 U.S. at 539.

Here, Plaintiff indicates that all inmates are placed in the maximum security block based on the nature of the charges against them. The Court takes judicial notice that Plaintiff's charges consisted of murder, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime – all of which Plaintiff since has been convicted. *See Georgia Department of Corrections Inmate Query*, available at http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (last

10

visited September 20, 2012). Thus, Plaintiff himself has presented a legitimate government objective to which these restraints are reasonably related – *i.e.*, the Newton County Jail's determination that for security reasons pre-trial detainees awaiting murder charges should be placed in the maximum security block – which this Court must accord deference. *See Bell*, 441 U.S. at 547 ("[P]rison administrators [are] to be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."); *accord Block v. Rutherford*, 468 U.S. 576, 585 (1984); *Boxer X v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006). Because these restraints are, in fact, legitimately related to a reasonable government objective, they do not constitute unconstitutional punishment. *See Bell*, 441 U.S. at 540 ("Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting[.] . . .").

Accordingly, the conditions of Plaintiff's confinement in the maximum security block do not state claims for relief under § 1983. *See Kibwika v. Broward Cty. Sheriff's Office*, 453 F. App'x 915, 916-19 (11th Cir. 2012) (dismissing Plaintiff's conditions of confinement claim that he was locked down in his cell for

11

eighteen hours per day because he did not demonstrate that it was imposed for the purpose of punishment); *Bland v. Aviles*, No. 11-1742 (ES), 2012 WL 137783, at *5 (D. N.J. Jan. 18, 2012) (dismissing under § 1915 pre-trial detainee's claim that he was confined to his cell for sixteen to twenty-two hours per day because such condition was not constitutionally sufficiently serious and because the restrictions could have constituted a rational response to the jail's need for heightened security); *Ruffino v. Lantz*, No. 3:08-CV-1521 (NLB), 2010 WL 908993, at *3 (D. Conn. Mar. 9, 2010) (concluding that policy of placing inmate in handcuffs when going to recreation was based on a legitimate penal objective of institutional security rather than intent to punish); *Gannon v. Alyers*, No. 7:09CV0066, 2009 WL 840376, at *4-5 (W.D. Va. Mar. 30, 2009) (holding conditions of pre-trial detention, including requirement attend recreation while shackled, did not rise to a constitutional violation); *Barnes v. Doby*, No. 4:05-02073-MBS-TER, 2007 WL 2908574, at *9 (D. S.C. Aug. 13) (rejecting pre-trial detainee's challenge to being shackled when going to recreation or the day room, because his classification in maximum security was due to his pending murder charges and other violent behavior and therefore was not considered punishment), *report and*

12

*recommendation adopted by* No. 7:09CV0066, 2009 WL 2908582 (D. S.C. Sept. 30, 2007), *aff'd*, 284 F. App'x 48 (4th Cir. 2008).

### 3. Equal Protection

To prove an equal protection violation on the basis of gender, male prisoners must prove that male and female prisoners are similarly situated. *Oliver v. Scott*, 276 F. 3d 736, 746 (5th Cir. 2002). Plaintiff alleges that unlike male pre-trial detainees, female pre-trial detainees at the Newton County Jail are not classified into the maximum security block based upon their pending charges. Because at this stage of the proceedings it is not clear whether at the time Plaintiff was detained at the Newton County Jail any females that were not housed in maximum security were similarly situated to Plaintiff, and/or whether the difference in housing between female and male detainees is based on a legitimate governmental objective, Plaintiff's equal protection claim should proceed. *See Yates v. Stalder*, 217 F.3d 332, 334-35 (2d Cir. 2000) (reversing grant of motion to dismiss on plaintiff's equal protection claim that living conditions for male prisoners were harsher than female prisoners because at that stage of the proceedings there was a factual dispute as to whether the female prisoners were similarly situated to the male prisoners and/or on the record the defendant had not provided a legitimate

13

penological goal as to the difference in treatment); *Murrell v. Bukowski*, No. 08-2044, 2011 WL 884736, at *12 (C.D. Ill. Mar. 11, 2011) (stating that the Fourteenth Amendment requires that gender-based distinctions, even in the prison context, must bear a rational relation to a legitimate government objective); *cf. Abdul-Matiyn v. Pataki*, No. 9:06-CV-1503 (DNH) (DRH), 2008 WL 974409, at *11 (N.D. N.Y. Apr. 8, 2008) (denying motion to dismiss plaintiff's claim that male sexual offenders were civilly confined while similarly situated females were not, because the plaintiff appeared to have asserted a sex-based, discriminatory policy and at that stage of the proceedings there was no proffer of a substantial relation to an important governmental objective).

II. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's equal protection claim for damages be **ALLOWED TO PROCEED** as any other civil action.[3]

---

[3] Because Plaintiff no longer is detained at the Newton County Jail, his requests for equitable relief is moot. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or release of a prisoner . . . will moot that prisoner's claims for injunctive and declaratory relief.").

14

**IT IS FURTHER RECOMMENDED** that the remainder of Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as frivolous under § 1915A, and that Defendant NaphCare be **DISMISSED** from this action.

**IT IS SO RECOMMENDED** this 25th day of September, 2012.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)